**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**UNITED STATES OF AMERICA**,

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　3:15-cr-185-J-34PDB

**SHELDON LAMONT JACKSON,**

    **Defendant.**
_____/

## O R D E R

**THIS CAUSE** is before the Court on Defendant Sheldon Lamont Jackson's Motion to Suppress Physical Evidence (Doc. 28; Motion), filed on July 2, 2016. The Government filed a response in opposition to the Motion on July 29, 2016, see United States' Memorandum in Opposition to Defendant's Motion to Suppress Physical Evidence (Doc. 37; Response). The Court referred the Motion to the Honorable Patricia Barksdale, United States Magistrate Judge (Judge Barksdale), to conduct an evidentiary hearing and recommend an appropriate resolution. Accordingly, Judge Barksdale held an evidentiary hearing on August 5, 2016. See Clerk's Minutes (Doc. 38); Transcript of Suppression Hearing (Doc. 42). Defendant filed a Post-Hearing Supplement to Motion to Suppress Physical Evidence [sic] (Doc. 41; Motion Supplement) on August 31, 2016, and the Government filed a response in opposition to Defendant's Motion Supplement on September 14, 2016, see United States' Response to Defendant's Supplement to Motion to Suppress Physical Evidence (Doc. 43; Supplement Response). On November 16, 2016, Judge Barksdale entered a Report and Recommendation (Doc. 46; Report). Thereafter,

1

on November 30, 2016, Defendant filed an objection to the Report, see Objection to Report and Recommendation (Doc. 47; Objection), and on December 14, 2016, the Government responded, see United States' Response to Defendant's Objection to the Report and Recommendation Regarding Motion to Suppress Physical Evidence (Doc. 51; Response to Objection).  As such, this matter is ripe for review.

The Court reviews a magistrate judge's report and recommendation in accordance with the requirements of Rule 59, Federal Rules of Criminal Procedure (Rule(s)) and 28 U.S.C. § 636(b)(1).  The Court "may accept, reject or modify, in whole or in part, the findings or the recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); see also Rule 59(b)(3).  "[I]n determining whether to accept, reject, or modify the magistrate's report and recommendations, the district court has the duty to conduct a careful and complete review."  Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (quoting Nettles v. Wainwright, 677 F.2d 404, 408 (5th Cir. Unit B 1982)[1]).  Additionally, pursuant to Rule 59 and § 636(b)(1), where a party timely objects to the magistrate judge's report and recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); see also Rule 59(b)(3); Thomas v. Arn, 474 U.S. 140, 149-50 (1985).  Nevertheless, while de novo review of a magistrate judge's

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent decisions of the former Fifth Circuit (including Unit A panel discussions of that circuit) handed down prior to October 1, 1981.  W.R. Huff Asset Mgmt. Co. v. Kohlberg, Kravis, Roberts & Co., 566 F.3d 979, 985 n 6 (11th Cir. 2009).  After October 1, 1981, "only decisions of the continuing Fifth Circuit's Administrative Unit B are binding on this circuit. . . ."  Dresdner Bank AG v. M/V Olympia Voyager, 446 F.3d 1377, 1381 n 1 (11th Cir. 2006).  The Court notes that the Fifth Circuit overruled Nettles, in part, on other grounds, in Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).  However, "that does not change the binding effect of Nettles in this Circuit because Douglass was decided after October 1, 1981, and was not a Unit B decision."  United States v. Schultz, 565 F.3d 1353, 1360 n 4 (11th Cir. 2009).

recommendation is required only where an objection is made[3], the Court always retains the authority to review such a recommendation in the exercise of its discretion. See Rule 59 advisory committee's notes (2005) (citing Thomas, 474 U.S. at 154; Mathews v. Weber, 423 U.S. 261, 270-71 (1976)).

In the Objection, Defendant states simply that he "objects to the finding that the consent he gave on January 25, 2015 to search his vehicle was voluntary and the recommendation that the motion to suppress the gun found inside the vehicle should be denied." Objection at 1. Such a generalized objection is entirely insufficient to warrant specific de novo consideration of the Magistrate Judge's factual findings. See Macort v. Prem, Inc., 208 F. Appx. 781, 784 (11th Cir. 2006) (per curiam); Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court."); see also United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (per curiam); 28 U.S.C. § 636(b). Indeed, Defendant must identify those portions of the factual findings in the Magistrate Judge's Report and Recommendation of which he requests this Court's specific consideration. Schultz, 565 F.3d at 1361. "'This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act.'" Id. (quoting Nettles v. Wainwright, 677 F.2d 404, 410 (5th Cir. Unit B 1982)).

---

[3] See Rule 59 advisory committee's notes (2005) (citing Peretz v. United States, 501 U.S. 923 (1991)).

Nevertheless, the Court has conducted an independent examination of the record and a de novo review of the legal conclusions. Having done so, the Court finds no error in the Magistrate Judge's factual and legal conclusions and as such, will accept and adopt the recommendation of the Magistrate Judge as to the resolution of the Motion.[1]

Accordingly, it is hereby **ORDERED**:

1. Defendant's Objection to Report and Recommendation (Doc. 47) is **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Doc. 46) is **ADOPTED** as the opinion of the Court.

3. Defendant's Motion to Suppress and Memorandum in Support (Doc. 28) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of December, 2016.

MARCIA MORALES HOWARD
United States District Judge

lc25

Copies to:

Counsel of Record

The Honorable Patricia Barksdale
United States Magistrate Judge

---

[1] In accordance with Judge Barksdale's recommendation, the Court declines to address the Government's theory that the Motion would be due to be denied even if Thompson's testimony were credited over Seargeant Ferricane's testimony.

4