# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                               CASE NO: 3:15-cr-185-J-34PDB

SHELDON LAMONT JACKSON       ORDER ON MOTION FOR
                                                              SENTENCE REDUCTION UNDER
                                                              18 U.S.C. § 3582(c)(1)(A)

## **O R D E R**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

    ☒ FACTORS CONSIDERED

Defendant Sheldon Lamont Jackson is a 47-year-old inmate incarcerated at Jesup FCI, serving a 180-month term of imprisonment for possession of a firearm by an armed career criminal. (Doc. 102, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on January 28, 2029. Jackson seeks compassionate release because of his medical conditions. Although Jackson does not specify what those conditions are, based on his medical records and prescribed medications (rosuvastatin calcium and Biktarvy), they appear to be high cholesterol and "asymptomatic HIV." (See Doc. 135-1, Defendant's Exhibit at 4; Doc. S-139,

Medical Records at 1-2). Jackson does not explicitly raise Covid-19 as a reason for compassionate release, but he mentions the pandemic-related lockdown at his prison in his Motion to Appoint Counsel. (Doc. 136). Liberally construing the Motion for Compassionate Release (Doc. 135) and Motion to Appoint Counsel (Doc. 136) together, the Court interprets the Motions as raising Covid-19 as a reason for compassionate release as well.

A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). "Given the permissive language [of § 3582(c)(1)(A)], a district court's decision whether to grant or deny a defendant's request for a sentence reduction is discretionary." United States v. Winner, No. 20–11692, 2020 WL 7137068, at *2 (11th Cir. Dec. 7, 2020). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Jackson has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A). According to the Centers for Disease Control (CDC), certain underlying conditions might increase the risk of severe infection from Covid-19 and other conditions are known to increase the

2

risk of serious illness.[1] HIV falls into the former category and high cholesterol does not fall into either category.

To be sure, HIV is a condition that must be taken seriously, especially in light of Covid-19. But fortunately, advances in medical treatment have made HIV a manageable condition. The CDC advises that those who have "HIV with a low CD4 cell count[2] or [are] not on HIV treatment" have a weakened immune system, which "may increase [the] risk of severe illness from COVID-19." According to Jackson's medical records, he receives Biktarvy, an antiviral drug, to treat his HIV. See Medical Records at 1-2. Jackson's HIV is described as "asymptomatic," and he has "never had an HIV-related illness." Id. at 2. Jackson also does not point to any evidence that he has a low CD4 cell count. According to Jackson's BOP file, he is classified a Care Level 2 stable chronic care inmate. Id. at 3. As such, Jackson's HIV appears to be well-controlled and he has not shown extraordinary and compelling circumstances.[3]

Moreover, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. Jackson is serving

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[2] CD4 cells are white blood cells that fight infection. "A healthy immune system normally has a CD4 count ranging from 500 to 1400 cells per cubic millimeter of blood. At levels below 200, a person becomes susceptible to opportunistic infections." United States v. Carter, No. CR 107-076, 2020 WL 4194014, at *2 n.4 (S.D. Ga. July 21, 2020) (citation omitted).

[3] The Court recognizes that there is a split of authority over whether district courts are bound by the list of extraordinary and compelling reasons contained in U.S.S.G. § 1B1.13, cmt. 1(A)-(D). See, e.g., United State v. Ruffin, 978 F.3d 1000, 1006–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 234 (2d Cir. 2020). The Court's decision does not depend on the resolution of that issue because it would reach the same conclusion if it had independent authority to identify extraordinary and compelling reasons.

a mandatory minimum 180-month term of imprisonment under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Before possessing the firearm in the instant case, he was twice convicted of possession of cocaine with intent to sell (1995 and 1996), and of resisting an officer with violence (2001). (Doc. 92, Presentence Investigation Report [PSR] at ¶ 24). Jackson also received a guidelines enhancement for obstruction of justice because he tried to dissuade a witness from testifying before the grand jury. Id. at ¶ 13. The Eleventh Circuit Court of Appeals affirmed Jackson's conviction and sentence. United States v. Jackson, 736 F. App'x 825 (11th Cir. 2018).

As of this date, Jackson has served approximately 57 months in custody, or 32% of his term of imprisonment, dating from his arrest on April 29, 2016 (and accounting for a brief period in related state custody from January 25, 2015 to February 4, 2015). See PSR at p. 1. According to the BOP, he has about eight years remaining on his sentence accounting for good time credits. In view of all the § 3553(a) factors, reducing Jackson's term of imprisonment is not warranted at this time.

Accordingly, Defendant Sheldon Lamont Jackson's Motion for Compassionate Release (Doc. 135) is **DENIED**. Likewise, the Motion to Appoint Counsel (Doc. 136) is **DENIED** because it is not supported by the interests of justice. United States v. Cain, 827 F. App'x 915, 921-22 (11th Cir. 2020).

**DONE AND ORDERED** at Jacksonville, Florida this 7th day of January, 2021.

MARCIA MORALES HOWARD
United States District Judge

4

lc 19

Copies:
Counsel of record
Defendant